**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **K.C.**

**No. 22-0221** (Preston County 18-JA-45)

**MEMORANDUM DECISION**

Petitioner Father M.B.[1] appeals the Circuit Court of Preston County's February 24, 2022, order terminating his parental rights to K.C.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R.A.P. 21.

In May of 2018, the DHHR filed a child abuse and neglect petition against petitioner and the mother, raising allegations of substance abuse, physical abuse, educational neglect, and an inability to provide for the child. The DHHR noted that the mother had a history of instability in housing which disrupted the child's education, and that petitioner failed to protect the child from the same. Further, petitioner had recently been released from incarceration, was living in a halfway house, and was unable to provide appropriate supervision or care for the child, and failed to protect the child from the mother's actions, which included substance abuse and physical abuse. In March of 2019, the DHHR filed an amended petition, which alleged that petitioner was habitually addicted to controlled substances to the point that his parenting skills were impaired, that he engaged in domestic violence with the mother, that his visits with the child were suspended due to his failure to participate in them, that he failed to address the child's medical needs, and that the child reported being subjected to trauma and chaos while in the care of petitioner and the mother.

In June of 2019, petitioner stipulated that he was incarcerated from November of 2017 through April of 2018 and was unable to care for the child and that he demonstrated an inability to provide stable housing for his child, which caused severe educational neglect and emotional harm. In July of 2019, the circuit court granted petitioner a post-adjudicatory improvement period. Petitioner tested positive for cocaine that same month and was instructed to submit to random drug

---

[1]Petitioner appears by counsel Kevin R. Connoley. The West Virginia Department of Health and Human Resources appears by counsel Patrick Morrisey and Lee A. Niezgoda. Natalie Sal appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R.A.P. 40(e).

screening twice per week. Additionally, petitioner initially failed to consistently participate in parenting and adult life skills classes, although he did become compliant with the classes from May through September of 2020.

The circuit court held several dispositional hearings from September of 2020 through December of 2020. A service provider for petitioner's parenting and adult life skills classes opined that petitioner needed at least six more months of services, needed to obtain employment and independent housing, lacked insight into his role in the abuse and neglect, failed to provide the name of a counselor he was allegedly seeing, and did not believe he was responsible for the removal of the child. Additionally, testimony established that visitation between petitioner and the child was suspended in May of 2020. A visitation supervisor testified that a telephone call between the parents and the child had to be ended due to petitioner and the mother arguing and yelling and that, during a scheduled visit, the mother requested that the supervisor call 9-1-1 because petitioner chased her around the yard and "was not better." A licensed psychologist provided expert testimony that petitioner was evaluated and, during the evaluation, threatened to "get back at people" for the court proceedings, denied participating in domestic violence, and denied substance abuse. The psychologist opined that petitioner had not changed or corrected any of the deficiencies that led to the child's removal and needed a job, a home, and additional services. The testimony of the child's counselor established that the child had dramatically improved in foster care; that any contact between petitioner and the child would be detrimental; and that petitioner needed to accept responsibility for his role in the matter rather than blaming others for his problems. Lastly, the testimony of a Child Protective Services ("CPS") worker established that petitioner and the mother remained together; that petitioner had been recently accused of strangling the mother; that petitioner failed to comply with services, visit with the child, or comply with drug screening; that petitioner had no employment or independent housing; and that he failed to accept responsibility for his actions.

By order entered on February 24, 2022, the circuit court terminated petitioner's parental rights upon finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. It is from the February 24, 2022, dispositional order terminating petitioner's parental rights that he appeals.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioner first argues that the circuit court erred in terminating his parental rights "despite the DHHR failing to meet the required burden of proof regarding the allegations in the petition." Petitioner argues that the allegations set forth in the petitions were not specific to him and were not supported by clear, convincing proof. We disagree.

---

[3]The mother's rights were also terminated below. The permanency plan for the child is adoption in her current foster placement.

Based on our review of the petitions, they were sufficiently specific to alert petitioner as to the allegations against him. Further, Rule 26(a) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings requires that any stipulated or uncontested adjudication include (1) the agreed upon facts supporting court involvement concerning the subject parent's problems, conduct, or condition, and (2) a statement of the subject parent's problems or deficiencies to be addressed at the final disposition. Before the circuit court can accept a stipulated or uncontested adjudication, Rule 26(b) requires the circuit court to first determine that the subject parent understands the content and consequences of his or her stipulations and is making the stipulations voluntarily. Petitioner does not allege that his stipulation was not properly taken or was the result of fraud, duress, or misunderstanding. Rather, he attacks the allegations in the petition to which he did not stipulate. In so doing, petitioner fails to demonstrate any error. The record is clear that petitioner stipulated to his failure to provide adequate housing for the child, resulting in her educational and emotional neglect. To the extent petitioner takes issue with any other allegations against him, we find no error as petitioner did not stipulate to those allegations, they were not used to adjudicate him, and they were not used against him at disposition. While the circuit court considered issues such as domestic violence and drug abuse, it did so in the context of petitioner's failure to comply with the terms and conditions he agreed to follow as part of his improvement period. In sum, petitioner properly stipulated to the allegations in the petition, and he is, therefore entitled to no relief in this regard.

Petitioner next argues that the circuit court made certain factual findings that are not supported by the record. Specifically, petitioner contests the circuit court's finding that (1) the child's counselor opined that any contact between petitioner and the child would be detrimental to the child, (2) that the licensed psychologist testified that petitioner denied substance abuse; and (3) that petitioner does not take responsibility for his role in the case.

Petitioner's assertions lack merit as there was sufficient evidence for the court to make each of these findings. To the extent petitioner argues it was error to make findings regarding his acceptance of responsibility for drug abuse or domestic violence when he was not adjudicated upon the same, he ignores that he agreed to comply with the terms and conditions of an improvement period, and the DHHR was within its right to present evidence of petitioner's noncompliance with the same—including evidence of drug abuse, failure to submit to screens, and domestic violence during the course of the proceedings. Moreover, testimony established that, despite stipulating at adjudication, petitioner never admitted his fault for the proceedings; that "[a]s far as [petitioner] is concerned, none of this is his fault;" and that he "ha[d] a tendency to become a victim." As such, any finding regarding his failure to accept responsibility for his actions was not limited to his refusal to admit to drug abuse or domestic violence.

Further, petitioner selectively chooses portions of the hearing transcripts in order to support his assertions. Indeed, petitioner does not provide the hearing transcripts in their entirety, leaving this Court unable to ascertain what testimony, if any, is missing. Nevertheless, having reviewed the portions of the transcript that are included in the appendix record, we find that sufficient evidence existed to support the circuit court's findings regarding both the licensed psychologist and the child's counselor opinions. Simply put, petitioner cannot cite to a single sentence supporting his claim when the transcript as provided supports the circuit court's findings. Thus, petitioner is entitled to no relief in this regard.

Lastly, regarding termination, petitioner argues that the DHHR failed to meet its burden at adjudication. This argument necessarily fails given that we find he properly stipulated at adjudication and that the circuit court did not improperly consider any allegations to which he did not stipulate. We further note that the circuit court made the findings required to terminate parental rights by West Virginia Code § 49-4-604(c)(6), which petitioner does not contest. As such, we find no error in the termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 24, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: October 26, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn